**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| _____ | : | |
| JERSEY ASPARAGUS FARMS, INC., | : | |
| | : | |
| Plaintiff, | : | **Civil No. 10-2849 (FLW)** |
| | : | |
| v. | : | **OPINION** |
| | : | |
| RUTGERS UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**WOLFSON, United States District Judge:**

This matter arises out of a license agreement through which Plaintiff Jersey Asparagus Farms, Inc. ("JAFI") was authorized by Defendant Rutgers University ("Rutgers") to sell the latter's patented varieties of asparagus. Presently before the Court is JAFI's motion for recusal based on my purported connections to Rutgers. For the following reasons, Plaintiff's motion is denied.

The decision of whether to recuse lies within the discretion of the trial judge. United States v. Wilensky, 757 F.2d 594, 599–600 (3d Cir. 1985). There are two federal statutes that dictate the circumstances under which a federal judge should recuse. Section 455(a) of Title 28 of the United States Code provides in pertinent part that "[a]ny justice, judge, or

1

magistrate [magistrate judge] of the United States shall disqualify himself In any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When reviewing motions for recusal, the Third Circuit applies an objective standard. See Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." Allen v. Parkland Sch. Dist., 230 Fed. Appx. 189, 193 (3d Cir. Apr. 27, 2007) (citing In re Kensington, 353 F.3d 211, 220 (3d Cir. 2003). See also United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989) (stating "[m]otions to recuse under 28 U.S.C. § 455(a) must rest on ... objective facts ... not on possibilities' and unsubstantiated allegations.")

Motions for recusal are also governed by Section 144 of Title 28 of the United States Code. Recusal under 28 U.S.C. § 144 is mandatory "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. A "substantial burden is imposed on the party filing an affidavit of prejudice to demonstrate that the judge is not impartial." Sharp v. Johnson, No. 00-2156, 2007 WL 3034024 (W.D.Pa. Oct. 15, 2007). In satisfying this burden, the movant must make a three-fold showing: (1) the facts must be material and stated with

2

particularity; (2) the facts must be such that, if true they would convince a reasonable man that a bias exists; (3) the facts must show the bias is personal, as opposed to judicial, in nature.  United States v. Thompson, 483 F.2d 527, 528 (3d Cir. 1973).

Here, JAFI asserts that my connections to Rutgers are so extensive that my impartiality might reasonably be questioned.  In support of this contention, JAFI points to the following facts it had compiled from an internet search (stated in third-person):

• She is a 1976 graduate of Rutgers University, Douglass College.

• She graduated from Rutgers *School of Law*-Newark in 1979.

• She was awarded the Outstanding Alumnus Award from the Alumni Association of the Rutgers *School of Law*-Newark in 2002.

• She was asked to deliver (and delivered) the convocation address at Rutgers *School of Law* in 2009.

• She is featured on two separate pages of the Rutgers.edu website.

• Her husband is a 1974 graduate of Rutgers University-New Brunswick.

• Her husband is a 1977 graduate of Rutgers *School of Law*-Newark.

• Her husband has been an adjunct professor at Rutgers *School of Law*-Newark since 1984.

• One of her sons is a 2010 graduate of Rutgers *School of Law*-Newark.

• Her father-in-law, Dr. Kenneth G. Wolfson was employed at Rutgers University for 39 years, serving as the chair of the department of mathematics from 1961 until 1975 and then as the dean of Rutgers University Graduate School of Arts and Sciences. In his obituary, he was described by a colleague as "one of the most important people in the building of Rutgers

from a traditional college into the major research university it is now." Another colleague stated that Dr. Wolfson's "greatest concern was for Rutgers to take its place among the best of universities."

• The Kenneth G. Wolfson Faculty and Graduate Student Common Rooms is named for Dr. Wolfson.

• The Kenneth G. Wolfson Land Use Prize is awarded annually at Rutgers *School of Law* to the graduating student showing the greatest interest and scholarship in the field of land use law.

Pl. Mot. Recuse at 2-3 (emphasis added).  Finally, Plaintiff quotes a statement made in a commencement speech I made at a Rutgers law school graduation: "My own links to the *Rutgers Law school in Newark* are substantial and abiding." Id. at 1 (emphasis added).

As is clear from the words I have italicized in Plaintiff's allegations, the bulk of those allegations are related to the Rutgers University School of Law at Newark—not Cook College of Rutgers University's undergraduate campus, at which college the asparagus program is operated.  No reasonable person in New Jersey would confuse Cook College, where the Rutgers asparagus research program is operated, with the law school.  The law school campus is located in Newark, New Jersey and maintains its own identity distinct from that of Cook College in New Brunswick.

More to the point, I have had no connection with the agricultural program at Rutgers, and it is that program's alleged conduct that forms the basis for Plaintiff's suit. "[W]here the interest asserted bears only a tangential relationship to the subject matter of the suit, the alleged bias is [too] attenuated."  Brody v. President & Fellows of Harvard

4

College, 664 F.2d 10, 12 (1st Cir. 1981) (holding that "an alumnus' interest in the general welfare of his alma mater hardly seems likely to manifest itself in a bias concerning a single staff employment decision").  Thus, I do not find Plaintiff's reliance on my law school connections relevant to its motion to recuse in this case.

Accordingly, these contacts do not call for recusal under 28 U.S.C. § 455(a) because no reasonable person would conclude that my connections to the law school would call into question my  impartiality with respect to the undergraduate institution.  See U.S. ex rel. Hochman v. Nackman, 145 F.3d 1069, 1076 (9th Cir. 1998) cited in Marcavage v. Board of Trustees of Temple University of Commonwealth System of Higher Educ., 232 Fed.Appx. 79, (3d Cir. 2007) (collecting cases); id. at 1076 (noting distinction between an undergraduate institution and that institution's law school).  Even if the law school's relationships were relevant, they would not require recusal because they are insubstantial in nature.[1]  Accord Wu v. Thomas, 996 F.2d 271, 274-75 & n. 7 (11th Cir.1993) (per curiam) (recusal not required where "judge was alumnus of defendant-university, served as unpaid

---

[1]      In addition, Plaintiff analogizes my commencement speech statement to the public comments in Haines v. Liggett Group Inc., 975 F.2d 81 (3d Cir. 1992), where a district judge stated unequivocally that defendant-corporation that failed to disclose risks to consumers "knowingly and secretly decide to put the buying public at risk solely for the purpose of making profits and who believe that illness and death of consumers is an appropriate cost of their own prosperity!"  Id. at 97.  It goes without stating that my commencement speech statement is clearly distinguishable from the public comment in that case, which spoke directly to the merits of the failure to disclose claim against the defendant-corporation.

5

adjunct professor who offered internships for the university's law students, gave the university a yearly donation for football tickets, and planned to create scholarship at the university") quoted in Hochman, 145 F.3d at 1076.  See also Tonkovich v. Kansas Bd. of Regents, 924 F.Supp. 1084, 1086 (D.Kan.1996) (holding that judge's spouse's adjunct teaching of courses at law school did not create appearance of bias).  Likewise, my connections to the law school do not call for recusal under 28 U.S.C. § 144 because the law school connections are immaterial to the instant suit and they would not convince a reasonable man that a bias exists.[2]

Removing the law school relationships from the calculus, what remains are Plaintiff's allegations that my husband and I graduated from the undergraduate university. These allegations are certainly insufficient to justify recusal.  Levitt v. University of Texas at El Paso, 847 F.2d 221 (5th Cir. 1988) (finding no basis for recusal on account of judge's and judge's wife's receipt of degrees from the defendant-university); Brody, 664 F.2d at 11[3].

---

[2]      Plaintiff's motion fails under 28 U.S.C. § 144 for another reason.  That statute requires the moving party to "make[] and file[] a timely and sufficient affidavit" setting forth the purported grounds for recusal.  See Lewis v. Bell Atlantic/Verizon, 321 Fed.Appx. 217, 221 (3d Cir. 2009) ("Under section 144, a judge must recuse if a party files a 'sufficient affidavit' establishing that the judge has a personal bias or prejudice against the party seeking recusal, or in favor of the adverse party.").  Plaintiff submitted no such affidavit here.

[3]      "[A] judge's having attended or graduated from a school, which is a party, without more, is not a reasonable basis for questioning his impartiality. As the terms of section 455's additional explicitly mandated bases for recusal suggest, a reasonable suspicion of bias will usually arise only in the presence of such factors as a financial or

The last allegations relate to my now-deceased father-in-law, Dr. Kenneth G. Wolfson, who was a professor at Rutgers University for many years.  Plaintiff is correct that he was very committed to the institution, and that a student common room in the Math Center is named after him.   These allegations, however, also do not call for recusal.   Accord Hewlett-Packard Co. v. Bausch & Lomb, Inc., 882 F.2d 1556, 1569 (Fed Cir. 1989) (holding that recusal not required where a judge's son was employed by litigant in a department not directly involved in the suit).  The connections of a person with a third-degree relationship may require recusal where that person "[i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding."  28 U.S.C. § 455(b)(5)(iii)[4].  While my father-in-law had substantial connections to the university *over 20 years ago*, he has been deceased for ten years, and cannot now be "substantially affected" by a decision adverse to Rutgers.

Finally, Plaintiff acknowledges that the Third Circuit found that recusal was not required from a suit in which Rutgers University was a defendant, Okpor v. Rutgers, State University of New Jersey, 196 Fed.Appx. 129 (3d Cir. 2006).  In that case, the plaintiff was

strong personal interest in one of the litigants."  Id.

[4]     Third-degree familial relationships includes that of "parent, child, grandchild, great grandparent, great grandchild, sister, brother, aunt, uncle, niece, and nephew" either of the judge or the judge's spouse.  Oriental Financial Group, Inc. v. Federal Ins. Co., Inc., 467 F.Supp.2d 176, 179 (D.Puerto Rico 2006) (citing the Checklists for Financial and Other Conflicts of Interest, appendix to the Code of Conduct for United States Judges).

a former student who sought to have his transcript modified.  Id. at 130.  JAFI argues that its case differs from Okpor because "[u]nlike most cases, this case challenges Rutgers' integrity and status as a research university."  Pl. Reply to Mot. Recuse at 3.  For one, Plaintiff provides no further explanation for this characterization of its suit and, based on the foregoing analysis, I see no basis for distinguishing Okpor from the dispute at issue here.  That the plaintiff in Okpor did not raise the recusal challenge until appeal does not alter my conclusion because the Third Circuit considered the challenge on the merits, holding that my "close ties with Rutgers" did not warrant recusal.  Id. at 132.  The Third Circuit's reasoning is equally applicable here.

Accordingly, for the foregoing reasons, the Court denies Plaintiff's motion for recusal.  An appropriate Order will follow.


Dated: April 25, 2011                                    /s/ Freda Wolfson
                                                          Honorable Freda L. Wolfson
                                                          United States District Judge